IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION

VINCENT LEEN,

    Plaintiff,

  v.

WRIGHT MEDICAL TECHNOLOGY, INC. and WRIGHT MEDICAL GROUP, INC.,

    Defendants.

:
:
:
:
:

Case No. 3:15-cv-125

Judge Walter H. Rice

---

DECISION AND ENTRY SUSTAINING IN PART AND OVERRULING IN PART DEFENDANTS' PARTIAL MOTION TO DISMISS PLAINTIFF'S COMPLAINT (Doc. #5)

---

After experiencing complications following hip replacement surgery, Plaintiff, Vincent Leen, filed suit against Wright Medical Group, Inc. and Wright Medical Technology, Inc. (collectively, "Defendants"), alleging several causes of action. This matter is currently before the Court on Defendants' Partial Motion to Dismiss Plaintiff's Complaint. Doc. #5. For the reasons set forth below, that motion is SUSTAINED in part and OVERRULED in part.

I.   **Background and Procedural History**

According to the Complaint, Vincent Leen underwent total right hip replacement surgery on February 15, 2012. Defendants manufactured, designed, labeled, marketed, and distributed the products used during the implant procedure. Shortly after his surgery, Leen began experiencing complications and, on April 12, 2013, he had hip revision surgery. That same day, Leen learned that the complications may have been caused by a defect in the products used during the implant procedure. More specifically, Leen maintains that corrosion at the neck stem junction caused the modular neck of his artificial hip implant to fail.[1]

On April 7, 2015, Leen filed a Complaint alleging: (1) manufacturing defect (Count I); (2) design defect (Count II); (3) failure to warn (Count III); (4) negligent wantonness (Count IV); (5) breach of express warranty (Count V); (6) breach of implied warranties of merchantability and fitness for a particular purpose (Count VI); and (7) unjust enrichment (Count VII). Doc. #1. Leen seeks compensatory and punitive damages.

Pursuant to Federal Rule of Civil Procedure 12(b)(6), Defendants have moved to dismiss Count IV, part of Count VI, and Count VII, as well as Plaintiff's claim for punitive damages. This Court's jurisdiction is based on 28 U.S.C. § 1332.

---

[1] A cobalt chrome alloy ("CoCr") Profemur Modular Neck was coupled with a titanium alloy Profemur Z Plasma Stem. Plaintiff alleges that the corrosion was caused and promoted by the coupling of dissimilar metals.

2

**II.     12(b)(6) Standard**

Federal Rule of Civil Procedure 8(a) provides that a complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief." The complaint must provide the defendant with "fair notice of what the . . . claim is and the grounds upon which it rests." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (*quoting Conley v. Gibson*, 355 U.S. 41, 47 (1957)).

Federal Rule of Civil Procedure 12(b)(6) allows a party to move for dismissal of a complaint on the basis that it "fail[s] to state a claim upon which relief can be granted." The moving party bears the burden of showing that the opposing party has failed to adequately state a claim for relief. *DirecTV, Inc. v. Treesh*, 487 F.3d 471, 476 (6th Cir. 2007) (*citing Carver v. Bunch*, 946 F.2d 451, 454-55 (6th Cir. 1991)). The purpose of a motion to dismiss under Rule 12(b)(6) "is to allow a defendant to test whether, as a matter of law, the plaintiff is entitled to legal relief even if everything alleged in the complaint is true." *Mayer v. Mylod*, 988 F.2d 635, 638 (6th Cir. 1993). In ruling on a 12(b)(6) motion, a court must "construe the complaint in the light most favorable to the plaintiff, accept its allegations as true, and draw all reasonable inferences in favor of the plaintiff." *Handy-Clay v. City of Memphis*, 695 F.3d 531, 538 (6th Cir. 2012) (*quoting Treesh*, 487 F.3d at 476).

Nevertheless, to survive a motion to dismiss under Rule 12(b)(6), the complaint must contain "enough facts to state a claim to relief that is plausible on

its face." *Twombly*, 550 U.S. at 570. Unless the facts alleged show that the plaintiff's claim crosses "the line from conceivable to plausible, [the] complaint must be dismissed." *Id*. Although this standard does not require "detailed factual allegations," it does require more than "labels and conclusions" or "a formulaic recitation of the elements of a cause of action." *Id*. at 555. "Rule 8 . . . does not unlock the doors of discovery for a plaintiff armed with nothing more than conclusions." *Ashcroft v. Iqbal*, 556 U.S. 662, 678-79 (2009). Legal conclusions must "be supported by factual allegations" that give rise to an inference that the defendant is, in fact, liable for the misconduct alleged. *Id*. at 679.

### III. Analysis

#### A. Negligent Wantonness (Count IV), Unjust Enrichment (Count VII)

Defendants argue that the Court should dismiss Leen's common law claims for negligent wantonness (Count IV) and unjust enrichment (Count VII), because common law products liability claims have been abrogated and preempted by the Ohio Products Liability Act ("OPLA"), Ohio Revised Code §§ 2307.71-2307.80. Leen does not oppose Defendants' motion with respect to these claims, impliedly conceding that they are barred as a matter of law. Accordingly, the Court dismisses Leen's claims for negligent wantonness (Count IV) and unjust enrichment (Count VII) with prejudice.

### B. Breach of Implied Warranty for a Particular Purpose (Count VI)

In Count VI of his Complaint, Leen alleges that Defendants have breached both an implied warranty of merchantability, and an implied warranty of fitness for a particular purpose. Defendants have moved to dismiss only the latter. A claim of breach of implied warranty of fitness for a particular purpose is governed by Ohio Revised Code § 1302.28, which provides as follows:

> Where the seller at the time of contracting has reason to know any particular purpose for which the goods are required and that the buyer is relying on the seller's skill or judgment to select or furnish suitable goods, there is unless excluded or modified under section 1302.29 of the Revised Code an implied warranty that the goods shall be fit for such purpose.

Ohio Rev. Code § 1302.28.

> A "particular purpose" differs from the ordinary purpose for which the goods are used in that it envisages a specific use by the buyer which is peculiar to the nature of his business whereas the ordinary purposes for which goods are used are those envisaged in the concept of merchantability and go to uses which are customarily made of the goods in question. For example, shoes are generally used for the purpose of walking upon ordinary ground, but a seller may know that a particular pair was selected to be used for climbing mountains.

Official Comment 2, Ohio Rev. Code §1302.28.

To sufficiently state a claim for breach of implied warranty of fitness for a particular purpose, a plaintiff must allege that: (1) the seller has "reason to know the buyer's particular purpose"; (2) the seller has "reason to know that the buyer is relying on the seller's skill or judgment to furnish appropriate goods"; and (3) the "buyer must, in fact, rely upon the seller's skill or judgment." *Hollingsworth v.*

5

*Software House, Inc.*, 32 Ohio App. 3d 61, 65, 513 N.E. 2d 1372 (Ohio Ct. App. 1986) (quoting *Gumbs v. Int'l Harvester, Inc.*, 718 F.2d 88, 92 (3d Cir. 1983)).

Defendants argue that Leen's Complaint is deficient in that Leen has not identified any particular purpose for which he intended to use the hip implant, outside of its ordinary, intended use. Defendants contend that "[t]he ordinary purpose for a hip implant is to reduce pain and increase the mobility and function of a damaged hip joint in hopes of restoring patients to a more active lifestyle." Doc. #16, PageID# 133.

Here, Leen alleges only that Defendants "knew of the use for which the [implant devices] were intended and impliedly warranted this product to be of merchantable quality and *safe for its particular use*," that he and/or his physician reasonably relied on the skill of Defendants as to whether the implant devices "were of merchantable quality and *safe for their intended particular use*," and that contrary to the implied warranties, the implant devices "were not of merchantable quality or *safe for their particular intended use*." Doc. #1, PageID##34-35 (emphasis added). He further alleges that the implant devices were "used in the manner for which they were intended." *Id.* at PageID#30.

Nowhere does he identify any particular *purpose* for which he planned to use the hip implant, other than its ordinary use. Leen nevertheless argues that Defendants had reason to know of the particular purpose for which he intended to use the hip implant, because Defendants' marketing materials showed patients engaged in active lifestyles following hip replacement surgery, and he used his

6

artificial hip "in a manner consistent with, if not less actively than" many of those patients. *Id.* at PageID#6.

The Court agrees with Defendants that Leen, having failed to identify any particular purpose for which he intended to use his artificial hip, outside of its ordinary, intended use, has failed to state a claim upon which relief can be granted. The case of *Miller v. ALZA Corp.*, 759 F. Supp.2d 929 (S.D. Ohio 2010), which involved a prescription pain patch, is instructive. There, the court dismissed the plaintiff's claim of breach of implied warranty for a particular purpose, noting that the pleadings indicated that "Phillips used the patch to relieve pain. The relief of pain is the ordinary purpose for which the patch was to be used, not some particular purpose 'peculiar' to Phillips." *Id.* at 944 n.18.

This case is analogous. Leen had his hip replaced in order to reduce pain and increase mobility. This is the ordinary purpose for which hip implants are to be used. Leen has failed to identify any particular purpose that was peculiar to him, and does not allege that his intended use of the hip implant differed from that of any other hip replacement patient. *See Sparks v. Wright Med. Tech. Inc.*, No. 12-cv-84, 2013 U.S. Dist. LEXIS 57160, at **14-15 (N.D. Iowa Apr. 22, 2013) (dismissing claim involving a hip implant, where plaintiff failed to identify any particular purpose for which he intended to use the device, and rejecting plaintiff's argument that, given his previous active lifestyle, his use of the device might differ from that of other patients); *Exum v. Stryker Corp.*, No. 1:13-cv-10247, 2013 U.S. Dist. LEXIS 99732, at *10 (D. Mass. July 17, 2013) ("Plaintiff's failure to

7

allege that the 'particular purpose' of the hip prosthetic differed from its ordinary purpose is fatal to her claim for breach of the implied warranty of fitness for a particular purpose.").

Accordingly, the Court dismisses Count VI of Leen's Complaint with respect to the claim of breach of implied warranty of fitness for a particular purpose.

### C. Punitive Damages

Defendants have also moved to strike Leen's claim for punitive damages. In an action governed by the OPLA, punitive damages may be awarded only when a plaintiff shows "by clear and convincing evidence," that the injuries resulted from the manufacturer's "flagrant disregard of the safety of persons who might be harmed by the product in question." Ohio Rev. Code § 2307.80(A).

At issue is whether, viewing the Complaint in the light most favorable to the plaintiff, the factual allegations support a plausible claim for punitive damages under the OPLA. In *Coffey v. Smith & Wesson Corp.*, No. 5:10cv01286, 2011 U.S. Dist. LEXIS 2615, at *12 (N.D. Ohio Jan. 11, 2011), the court noted that when a plaintiff requests punitive damages, "but fails to allege sufficient facts to support an inference of [flagrant disregard for safety]," the plaintiff should be given the opportunity to amend the complaint. *See also Crisp v. Stryker Corp.* 5:09-cv-2212, 2010 U.S. Dist. LEXIS 51390, at *12 (N.D. Ohio May 21, 2010) (dismissing claim for punitive damages without prejudice where it could not be determined from the factual allegations whether the "flagrant disregard" standard could be met).

8

Defendants argue that, although Leen's Complaint makes vague references to product complaints and adverse testing, he has failed to plead sufficient facts to support a finding of "flagrant disregard of the safety of persons who might be harmed" by the implant devices. The Court disagrees.

Leen specifically alleges that, as of February 15, 2012, the date of his first surgery, Defendants knew or should have known that they had not adequately tested the implant device, and knew that it was subject to increased risk of fretting corrosion, galvanic corrosion, and metal ion release. Doc. #1, PageID#19. He cites to "product complaint data," reported to Defendants prior to that date, which indicated an increased risk of corrosion compared to previous implant devices. He also alleges that a reasonable manufacturer would have ceased distribution, formally recalled the implant devices, and warned about the risk of corrosion. According to Leen, Defendants' failure to take these precautions demonstrates a conscious disregard for the safety of patients. *Id.* at PageID##19-24.

Defendants maintain that these allegations are not specific enough, and that Leen must provide greater detail concerning the basis for their alleged knowledge of the problem, and the extent of that knowledge.

It may well be that Leen's punitive damages claim will not survive a motion for summary judgment. However, in the Court's view, Leen's current allegations contain sufficient facts which, if accepted as true, support a plausible claim for punitive damages under the OPLA. At this stage of the litigation, that is all that is

9

required. The Court therefore overrules Defendants' motion to strike Leen's claim for punitive damages.

IV.   **Conclusion**

For the reasons set forth above, Defendants' Partial Motion to Dismiss Plaintiff's Complaint, Doc. #5, is SUSTAINED IN PART and OVERRULED IN PART. Plaintiff's claims of negligent wantonness (Count IV), breach of implied warranty of fitness for a particular purpose (Count VI), and unjust enrichment (Count VII) are DISMISSED WITH PREJUDICE. The Court OVERRULES Defendants' request to strike Plaintiff's claim for punitive damages.

Date: September 18, 2015            _____
                                    WALTER H. RICE
                                    UNITED STATES DISTRICT JUDGE