IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION

| | |
|---|---|
| VINCENT LEEN<br><br>        Plaintiff,<br><br>v.<br><br>WRIGHT MEDICAL TECHNOLOGY,<br>INC. and WRIGHT MEDICAL GROUP, INC.<br><br>        Defendant. | Case No. 3:15-cv-00125-WHR<br><br>**JURY TRIAL DEMANDED** |

## STIPULATED PROPOSED CONFIDENTIALITY PROTECTIVE ORDER

IT IS HEREBY ORDERED as follows:

    1.    Documents produced by Wright Medical Technology, Inc. (hereafter "Defendant" or "WMT") during discovery in the above captioned litigation (the "Action") may contain confidential internal investigations, research, development, and other confidential commercial information.  These documents and materials which contain confidential information are hereafter referred to as "Protected Documents."  Except as otherwise indicated below, all documents produced by WMT which WMT designates as "CONFIDENTIAL" shall be Protected Documents and shall be given confidential treatment as described below, unless and until the Court rules that the information contained in those documents is not confidential.

    2.    Protected Documents and the material contained therein shall not be used or shown, disseminated, copied, or in any way communicated to anyone other than those persons specified in paragraph 3 herein, for any purpose whatsoever other than as required for the

preparation for and/or trial of the Action.

3. Plaintiffs, or their representatives, may show Protected Documents to, and discuss the contents thereof with, only the following persons (hereinafter referred to as "Qualified Persons"):

- A. Plaintiffs' counsel of record in the Action,
- B. Employees or agents of such counsel assigned to assist such counsel in the preparation for and/or trial of the Action;
- C. Experts and consultants retained by plaintiffs whose assistance is for the purpose of preparation for and/or trial of the Action;
- D. Current or former agents or employees of Defendant;
- E. The Court, Court Clerk and Court personnel working on the Action; and
- F. Court stenographer and outside copy service whose function requires them to have access to Defendant's Protected Documents; and

4. Before receiving access to any Protected Document, each Qualified Person to whom plaintiffs, or their representatives, intend to deliver, exhibit, or disclose any Protected Document or material contained therein shall be advised of the terms of this Order, shall receive a copy of this Order, and shall agree in writing, in the form attached hereto as Exhibit "A," to be bound by its terms. Plaintiffs' counsel shall maintain a list of all Qualified Persons to whom any Protected Documents or material contained therein are provided, and that list together with executed forms shall be available for inspection by the Court.

5. To the extent that any Protected Documents or information obtained therefrom is used in the taking of depositions in the Action, such documents or information shall remain subject to the provisions of this Order, if so requested at the deposition by counsel for either party, except that: (1) counsel may provide the transcript to the deponent for review, identification and signature; and (2) within thirty days counsel requesting such treatment has

2

received a copy of the transcript of such deposition, counsel will designate to other counsel those portions of the transcript regarded as Confidential and only those portions will be marked as Confidential and handled thereafter in accordance with the provisions of this Confidentiality Protective Order.

6. This Order does not, by itself, authorize the filing of any document under seal. Any party wishing to file a document designated as Confidential Information in connection with a motion, brief or other submission to the Court must comply with the Federal Rules of Civil Procedure and Local Rule 79.3

7. Neither Plaintiffs, their attorneys nor any Qualified Person shall, under any circumstances, sell, offer for sale, or advertise either the contents of Protected Documents or the fact that they have obtained confidential documents of WMT.

8. The parties to the Action shall meet and confer regarding the procedures for use of any Protected Documents at trial and shall move the Court for entry of an appropriate order.

9. After termination of the Action, the provisions of this Order shall continue to be binding. Following the Action's termination, this Court will retain and have jurisdiction over the parties to the Action and recipients of Protected Documents for enforcement of this Order.

10. All Protected Documents shall be returned to counsel for WMT within thirty days after the termination of the Action (including any appeals). This paragraph shall require the return of all photocopies, duplicates, or reproductions of Protected Documents that have been furnished to or made by representatives or experts of the parties to the Action. Counsel and experts for the parties to the Action, however, may retain any notes, abstracts, lists, or summaries drafted in connection with their review of Protected Documents.

11. A party may object to the designation of particular Confidential Material by

giving written notice to the party designating the disputed information. The written notice shall specifically identify the documents to which the objection is made and state the basis of the parties' objections to the confidential designation. If the parties cannot resolve the objection within twenty-one (21) business days after the time the notice is received, it shall be the obligation of the party designating the information as CONFIDENTIAL to file an appropriate motion requesting that the Court determine whether the disputed information should be subject to the terms of this Protective Order. If such a motion is timely filed, the disputed information shall be treated as Confidential Material under the terms of this Protective Order until the Court rules on the motion. If the designating party fails to file such a motion within the prescribed time, the disputed information shall lose its designation as CONFIDENTIAL and shall not thereafter be treated as Confidential Material in accordance with this Protective Order. In connection with a motion filed under this provision, the party designating the information as CONFIDENTIAL shall bear the burden of establishing that good cause exists for the disputed information to be treated as Confidential Material.

12. This Confidentiality Protective Order shall not prevent any of the parties in this Action from (a) applying to the Court for relief therefrom or to permit access to additional persons or categories of persons; or (b) agreeing between themselves to modification of this Confidentiality Protective Order, subject to the approval of the Court.

13. Any document produced in response to plaintiffs' discovery requests which has been erroneously designated as "CONFIDENTIAL," shall nevertheless be treated as a Protected Document unless and until plaintiffs either: (a) obtain the written permission of the producing defendant or its counsel to do otherwise; or, (b) obtain an Order of this Court finding that the document is not a Protected Document. It is understood by WMT that plaintiffs reserve the right

to challenge the protection afforded those documents designated as "CONFIDENTIAL" at a later date if circumstances so warrant.

APPROVED:

Dated: 3.21.16

_____
Judge Walter H. Rice

APPROVED & SUBMITTED BY:

/s/ Navan Ward, Jr. (per e-mail authorization)
Navan Ward, Jr.
C. Elizabeth Littell Courson
Beasley, Allen, Crow, Methvin, Portis & Miles, P.C.
Post Office Box 4160
Montgomery, AL 36103

*Attorneys for Plaintiffs*

5

APPROVED & SUBMITTED BY:

/s/ Caroline H. Gentry
Caroline H. Gentry, Esq. (0066138)
　Trial Attorney
**PORTER WRIGHT MORRIS & ARTHUR LLP**
One South Main Street, Suite 1600
Dayton, Ohio 45402
Telephone: 937-449-6748
Fax: 937-449-6820
cgentry@porterwright.com

James A. King, Esq. (0040270)
**PORTER WRIGHT MORRIS & ARTHUR LLP**
41 S High Street, Suites 2800-3200
Columbus, Ohio 43215
Telephone: 614-227-2051
Fax: 614-227-2100
jking@porterwright.com

Dana J. Ash, Esq. (*pro hac vice*)
Harry M. Byrne, Esq. (*pro hac vice*)
**DUANE MORRIS LLP**
30 South 17th Street
Philadelphia, Pennsylvania 19103-4196
Telephone: 215.979.1197
Fax: 215.754.4907
DJAsh@duanemorris.com
HMByrne@duanemorris.com

Sean K. Burke, Esq. (*pro hac vice*)
**DUANE MORRIS LLP**
505 9th Street, N.W., Suite 1000
Washington, DC 20004-2166
Telephone: 202.776.5236
Fax: 215.827.5491
SBurke@duanemorris.com

*Attorneys for Defendant Wright Medical Technology, Inc.*

# **EXHIBIT A**

DECLARATION OF _____

STATE OF _____ )
                                      ) SS:
COUNTY OF _____ )

1. My name is _____. I live at _____. I am employed as _____ (state position) by _____ (state name and address of employer).

2. I have read the Confidentiality Protective Order that has been entered in the Action, and a copy of it has been given to me. I understand the provisions of this Confidentiality Protective Order, and agree to comply with and to be bound by its provisions.

3. I declare under penalty of perjury under the laws of the State of _____ and the United States of America that the foregoing is true and correct.

Subscribed and sworn to before me
this _____ day of _____, 2015.

_____
Notary Public